GREGG A. HUBLEY (NV Bar #007386)
ANTHONY R. SASSI (NV Bar #012486)
**PITE DUNCAN, LLP**
701 East Bridger Avenue, Suite 700
Las Vegas, NV 89101
Telephone: (702) 991-4628
Facsimile: (702) 685-6342
E-mail: ghubley@piteduncan.com

Attorneys for Plaintiff CITIMORTGAGE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CITIMORTGAGE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY AT MAYFIELD COMMUNITY ASSOCIATION; ALESSI & KOENIG, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. :<br>Dept. No.:<br><br>**COMPLAINT FOR:**<br>1. DECLARATORY RELIEF [28 U.S.C. §§ 2201, 2202] |

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW Plaintiff, CITIMORTGAGE, INC. ("Plaintiff" or "CitiMortgage"), and alleges against the Defendants, and each of them, as follows:

**I. JURISDICTION AND VENUE**

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, which confers original jurisdiction on Federal Courts in suits between diverse citizens that involve an amount in controversy which exceeds $75,000.00.

2. The subject matter of this Complaint is real property commonly known as 4220 Silver Magic Court, Las Vegas, Nevada 89129 (Assessor's Parcel No.: 138-03-312-036) ("Subject Property"), and is legally described as:

/././

PARCEL I:

Lot 318 in Block 1 of MAYFIELD UNIT 7, as shown by map thereof on file in Book 109, of Plats, Page 80 in the Office of the County Recorder of Clark County, Nevada.

PARCEL II:

An easement for ingress and egress over and across all those areas shown as private drives on the final map of Mayfield Unit 7.

PARCEL III:

A private access easement over and across the South Five (5) feet of Lot 319 for the benefit of said land.

3. The current fair market value of the Subject Property exceeds $75,000.

## II. PARTIES

4. Plaintiff is a Delaware corporation authorized and registered to do business in the state of Nevada.

5. Defendant, ALESSI & KOENIG, LLC ("Alessi &Koenig"), is a Nevada Domestic Limited-Liability Company with its principal place of business in Nevada.

6. Defendant, LIBERTY AT MAYFIELD COMMUNITY ASSOCIATION ("HOA"), is a Nevada domestic non-profit cooperative corporation with its principal place of business in Nevada.

7. Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously-named Defendants is a resident of the State of Nevada and is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by such Defendants.

## III. GENERAL ALLEGATIONS

8. Plaintiff is the beneficial interest holder of the first Deed of Trust ("Deed of Trust") encumbering the Subject Property.

/././

9. On or about January 12, 2007, non-party, Michael W. Morris, borrowed $172,000.00 from Meridias Capital, Inc. As part of the same transaction, Mr. Morris executed a Deed of Trust encumbering the Subject Property. The Deed of Trust was recorded on January 18, 2007, in the Official Records of Clark County, Nevada as Instrument No.: 20070118-0004033. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "1."**

10. The HOA is claiming an interest in the Subject Property pursuant to a Notice of Delinquent Assessment (Lien) ("HOA Lien") recorded on February 12, 2013, in the Official Records of Clark County, Nevada as Instrument No.: 201302120001990. A true and correct copy of the Notice of Delinquent Assessment (Lien) is attached hereto as **Exhibit "2."**

11. On May 6, 2013, Alessi & Koenig, as trustee for the HOA, recorded a Notice of Default and Election to Sell Under Homeowners Association Lien ("Notice of Default"), in the Official Records of Clark County, Nevada as Instrument No.: 201305060003304. A true and correct copy of the Notice of Default is attached hereto as **Exhibit "3."**

12. On June 24, 2013, an Assignment of Deed of Trust was recorded in the Official Records of Clark County, Nevada as Instrument No.: 201306240002357, conveying all interest in the Deed of Trust to CitiMortgage, Inc. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit "4."**

13. Alessi & Koenig, on behalf of the HOA, caused a Notice of Trustee's Sale ("Notice of Sale") to be recorded against the Subject Property on October 10, 2013, in the Official Records of Clark County, Nevada as Instrument No.: 201310100000595. The Notice of Sale purportedly set the Subject Property for sale at public auction on November 6, 2013, at 2:00 p.m. A true and correct copy of the Notice of Trustee's Sale is attached hereto as **Exhibit "5."**

14. On October 15, 2013, CitiMortgage sent a letter to Alessi & Koenig requesting a payoff demand for the nine (9) month "super-priority" portion of the Lien, pursuant to Nevada Revised Statute ("NRS") 116.3116, and requested that the November 6, 2013, sale be postponed. A true and correct copy of the letter and facsimile confirmation is attached hereto as **Exhibit "6."**

15. On October 25, 2013, CitiMortgage sent a letter to Alessi & Koenig including check number 130571313 made out to Alessi & Koenig in the amount of $585.00 for payment in full of

the super-priority portion of the Delinquent Assessments Lien. The amount represented nine (9) months worth of regularly monthly assessments charged by the HOA (9 months x $65.00-the monthly rate at the time the Lien was recorded). A true and correct copy of the letter, check, and Notice of Partial Release of Lien, is attached hereto as **Exhibit "7."**

16. Enclosed with the October 25, 2013, letter to Alessi & Koenig was a draft Notice of Partial Release of Lien, releasing the portion of the Lien that portion of the HOA lien that identified in NRS 116.3116(2)(b). (Id.)

17. On October 30, 2013, CitiMortgage contacted Alessi & Koenig, via e-mail, to confirm receipt of the super-priority payment and also to confirm a prior telephone conversation wherein Alessi & Koenig stated that they were rejecting the super-priority payment, would be returning the check, and would not postpone the foreclosure sale. A true and correct copy of the October 30, 2013, electronic correspondence between CitiMortgage and Alessi & Koenig is attached hereto as **Exhibit "8."**

## IV. FIRST CAUSE OF ACTION

**DECLARATORY RELIEF [27 U.S.C. §§ 2201, 2202] (Against All Defendants)**

18. Plaintiff re-alleges the allegations contain in Paragraphs 1 through 17 as if fully set forth herein.

19. Defendants failed to comply with NRS Chapter 116, in refusing to identify the payoff amount to satisfy the super-priority portion of the HOA Lien, and in refusing to allow Plaintiff to pay-off the super-priority portion of the HOA Lien and frustrating Plaintiff's attempts to do so.

20. Plaintiff seeks a judicial declaration that:

   (a) Plaintiff's interest in the Subject Property is not affected by a homeowners association foreclosure sale conducted pursuant to NRS 116.3116, et seq.; and

   (b) Any purchaser at the HOA foreclosure sale, conducted pursuant to NRS 116.3116, et seq., takes the Subject Property subject to the Plaintiff's prior-recorded first security interest.

21. In the alternative, Plaintiff seeks a judicial declaration that:

/././

/././

  (a) The super-priority portion of the HOA Lien is limited to an amount equal to nine (9) months of regular monthly assessments that would have become due immediately preceding the recording of the HOA Lien plus any charges allowed by NRS 116.310312 (if applicable);

  (b) The super-priority portion of the HOA Lien does not include any amount(s) for any fine, penalty, late charge(s), interest, or costs of collecting;

  (c) Plaintiff's payment of the nine (9) months of regular monthly assessments that would have come due immediately preceding the notice of delinquent assessment (or for applicable charges allowed by NRS 116.310312) relieves the HOA Lien of any priority over CitiMortgage's Deed of Trust;

  (d) Defendants are required to identify the amount of its alleged super-priority lien to Plaintiff, and to provide an accounting to illustrate how this amount was calculated; and

  (e) Defendants are not permitted to conduct the sale scheduled by **Exhibit "5"** attached to this Complaint, unless and until Defendants provide Plaintiff with the amount of the alleged super-priority lien, in accordance with Nevada law, an illustration of how this amount was calculated, and allow Plaintiff a reasonable amount of time to remit payment.

  22. Plaintiff is informed, believes, and thereon alleges that Defendants will dispute these contentions and claim that they have an interest superior to Plaintiff's.

  23. Plaintiff is informed, believes, and thereon alleges that an actual controversy has arisen, and now exists between Plaintiff and Defendants, and each of them, concerning their respective rights and duties in the Subject Property.

  24. Plaintiff desires a judicial determination of its rights and duties, and a declaration as to its interests in the Subject Property.

  25. A judicial determination is necessary and appropriate at this time in order for Plaintiff to confirm its interest in the Subject Property.

  26. As a direct and proximate result of the actions of Defendants, Plaintiff has been required to retain counsel to prosecute this matter and is entitled to an award of attorney's fees and costs incurred.

/././

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

### AS TO THE FIRST CAUSE OF ACTION

### DECLARATORY RELIEF [27 U.S.C. §§ 2201, 2202]

1. For an Order declaring:

    (a) Plaintiff's interest in the Subject Property is not affected by a homeowners association foreclosure sale conducted pursuant to NRS 116.3116, et seq.; and

    (b) Any purchaser at the HOA foreclosure sale, conducted pursuant to NRS 116.3116, et seq., takes the Subject Property subject to the Plaintiff's prior-recorded first security interest.

2. Alternatively, for an order declaring:

    (a) The super-priority portion of the HOA Lien is limited to an amount equal to nine (9) months of regular monthly assessments that would have become due immediately preceding the recording of the HOA Lien plus any charges allowed by NRS 116.310312 (if applicable);

    (b) The super-priority portion of the HOA Lien does not include amount(s) for any fine, penalty, late charge(s), interest, or costs of collecting;

    (c) Plaintiff's payment of the nine (9) months of regular monthly assessments that would have come due immediately preceding the notice of delinquent assessment (or for applicable charges allowed by NRS 116.310312) relieves the HOA Lien of any priority over CitiMortgage's Deed of Trust;

    (d) Defendants are required to identify the amount of its alleged super-priority lien to Plaintiff, and to provide an accounting to illustrate how this amount was calculated; and

    (e) Defendants are not permitted to conduct the sale scheduled by **Exhibit "5"** attached to this Complaint, unless and until Defendants provide Plaintiff with the amount of the alleged super-priority lien, in accordance with Nevada law, an illustration of how this amount was calculated, and allow Plaintiff a reasonable amount of time to remit payment.

/././

-6-
COMPLAINT

3. For an award of reasonable attorney's fees incurred herein; and

4. For such other and further relief as the Court deems proper.

DATED this 4th day of November, 2013.

                Respectfully submitted,

                PITE DUNCAN, LLP

                GREGG A. HUBLEY
                ANTHONY R. SASSI
                *Attorneys for Plaintiff CITIMORTGAGE, INC.*